UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| RALPH BYRD COOPER, JR., | ) |  |  |
|---|---|---|---|
|  | ) |  |  |
| Plaintiff, | ) |  |  |
|  | ) |  |  |
| v. | ) | No.: | 2:21-CV-134-TRM-CRW |
|  | ) |  |  |
| TENNESSEE DEPARTMENT OF CORRECTIONS, ET AL., | ) |  |  |
|  | ) |  |  |
| Defendants. | ) |  |  |

## MEMORANDUM AND ORDER

Tennessee inmate Ralph Byrd Cooper, Jr. has filed a complaint alleging violations of 42 U.S.C. § 1983 [Doc. 2], a motion for the appointment of counsel [Doc. 3], and an application seeking to proceed *in forma pauperis* in this action [Doc. 1]. For the reasons that follow, the Court finds that Plaintiff is prohibited from proceeding in this action as a pauper, and this action will be dismissed.

**I.  APPLICATION OF "THREE STRIKES"**

The Court finds that Plaintiff is barred from proceeding *in forma pauperis* because of the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). This provision provides that an inmate may not proceed *in forma pauperis* in a civil action if he has had three or more cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g) (quotation marks omitted).

The Court has verified that Plaintiff received "strikes" in the following cases: *Cooper v. Flanders*, 3:96-cv-425 [Doc. 5] (E.D. Tenn. Apr. 30, 1996) (dismissing case for failure to state a cognizable claim); *Cooper v. Monroe*, 3:95-cv-713 [Doc. 3] (E.D. Tenn. Dec. 21, 1995)

(dismissing case as frivolous); *Cooper v. Att'y. Gen. for the State of Or.*, 3:95-cv-6231 (D. Or. August 9, 1995) (dismissing case as frivolous).[1] Therefore, Plaintiff has accumulated at least three strikes under the PLRA, and the Court finds that Plaintiff has abused his *in forma pauperis* privileges. Accordingly, Plaintiff cannot file the instant suit, or any future suit, as a pauper unless he can demonstrate that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II. IMMINENT DANGER

The imminent danger exception, as explained in *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580 (6th Cir. 2013), "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Id.* at 585 (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). The exception applies where the pleading contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Plausibility in this context means that a court informed by its "'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed the pleading. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)).

In his § 1983 complaint, Plaintiff maintains that he is a convicted sex offender who uses a wheelchair [*See, generally*, Doc. 2]. He alleges that on February 15 and 16, 2021, he was orally and anally raped at the Northeast Correctional Complex ("NECX") by his cellmate who had been employed by the Tennessee Department of Correction ("TDOC") to assist Plaintiff [Doc. 2 p. 4-5, 21, 27]. Plaintiff contends that he reported the rapes but was disbelieved due to his sexuality and drug addiction, and that officers refused to even log or report the incidents [*Id*. at 28-31, 40, 44].

---

[1] Dismissals entered prior to the April 1996 enactment of the PLRA are appropriately considered "strikes" under 28 U.S.C. § 1915(g). *See Wilson v. Yaklich*, 1248 F.3d 596, 602, 604 (6th Cir. 1998).

2

In fact, Plaintiff maintains, he was moved to "the Hole" for reporting the rape, where he was subjected to unsanitary conditions [*Id*. at 22, 32, 35, 37]. During this time, Plaintiff alleges, the offending cellmate was allowed to steal some of Plaintiff's belongings before he was sent to another institution [*Id*. at 37, 40]. Plaintiff further alleges that, over the course of several months, he was moved to several cells that were unsuitable for someone using a wheelchair, and he was not given medical treatment for injuries related to the rapes for fourteen weeks after submitting his initial requests [*See, generally*, Doc. 2].

Plaintiff alleges horrific assault and indifference by Defendants, but he does not allege that any of the past incidents pose a current threat to him. In fact, Plaintiff contends he has been returned to a wheelchair-accessible cell, that the inmate who assaulted him has been transferred to another institution, that he eventually did receive medical attention following his sick-call request, and that he was reclassified as "possible victim" under the Prison Rape Eliminate Act classification due to his limited mobility and bisexuality. Therefore, despite the serious allegations in the instant complaint, Plaintiff's allegations of past harm are insufficient to suggest that he was in imminent danger of serious physical harm at NECX when this suit was filed. Therefore, Plaintiff may not proceed as a pauper in these proceedings.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed *in forma pauperis* [Doc. 1] is **DENIED** pursuant to § 1915(g), and the instant action is **DISMISSED** without prejudice to Plaintiff's ability to pay the filing fee in full and thereby reinstate this case. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk). Plaintiff's motion to appoint counsel [Doc. 3] is **DENIED** as moot. There being no remaining issues before the Court, this case will be **CLOSED**.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

4